**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YUQIN DING,<br><br>    Petitioner,<br><br>    v.<br><br>CHRISTOPHER J. LAROSE, Warden, Otay Mesa Detention Center,<br>TODD M. LYONS, Acting Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security,<br>KRISTI NOEM, in her Official Capacity, Secretary, U.S. Department of Homeland Security, and<br>PAM BONDI, in her Official Capacity, Attorney General of the United States,<br><br>    Respondents. | Case No. 2:26-cv-01973-JWH-PVC<br><br>**ORDER DISMISSING PETITION [ECF No. 1] FOR LACK OF JURISDICTION** |

Before the Court is the petition for writ of habeas corpus filed by Petitioner Yuqin Ding for against Respondents Christopher J. LaRose, Todd M. Lyons, Kristi Noem, and Pam Bondi.[1]  The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in response,[2] the Court concludes that it lacks jurisdiction over the Petition and **DISMISSES** the Petition.

"For 'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'" *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)).  Here, Ding alleges that she is detained at the Otay Mesa Detention Center.[3]  The parties do not dispute that the Otay Mesa Detention Center is located in San Diego, California, which is within the Southern District of California, **not** the Central District of California. Because Ding is currently detained outside the Central District of California— and was apparently never detained within the Central District of California— this Court lacks jurisdiction over Ding's Petition.

Ding contends that she filed her Petition in the Southern District of California, but that it was transferred to the Central District.[4]  That does not appear to be true.  The docket reflects that Ding's Petition was filed on February 24, 2026, in the Central District of California, and there is no

---

[1]   Pl.-Pet.'s Pet. (the "Petition") [ECF No. 1].

[2]   The Court considered the documents of record in this action, including the following papers:  (1) Pl.-Pet.'s *Ex Parte* Appl. for Temporary Restraining Order (the "Application") [ECF No. 2]; (2) Resps.-Defs.' Notice of Lack of Jurisdiction (the "Opposition") [ECF No. 8]; (3) Pl.-Pet.'s Opp'n to the Opposition (the "Response") [ECF No. 9]; and (4) Petition.

[3]   Petition ¶ 20.

[4]   Response 2:6-9.

1 | indication of an inter-district transfer. Accordingly, because this Court lacks
2 | jurisdiction, it **DISMISSES** Ding's Petition.
3 |     For the foregoing reasons, the Court hereby **ORDERS** as follows:
4 |     1.   Ding's Petition [ECF No. 1] is **DISMISSED**.
5 |     2.   Ding's Application [ECF No. 2] is **DENIED as moot**.
6 |     3.   Judgment will issue accordingly.
7 |     **IT IS SO ORDERED.**

Dated: March 9, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE